[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14726
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00167-CR-DHB-WLB-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACOB ASHER PLOWRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 16, 2010)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Jacob Asher Plowright is one of a group of young men who committed a

string of carjackings, armed robberies, and firearms offenses in and around Augusta, Georgia. In the first robbery, Plowright threatened a store clerk with a pistol. In the second incident, he shot another store clerk three times and inflicted severe injuries.

Plowright and the government entered into an agreement. As part of that agreement, he pleaded guilty to brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and discharging a firearm during another crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). In exchange, the government dismissed eight counts charging him with other crimes. The agreement also included the government's promise that it would "not object" to Plowright receiving a sentence reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. That promise was of no real significance because the consecutive minimum sentences mandated by § 924(c) made Plowright ineligible for any such reduction.[1] See U.S.S.G. § 2K2.4(b) & cmt. n.5 ("the guideline sentence is the minimum term of imprisonment required by statute"). Plowright was sentenced to 32 years in prison.

Plowright appeals his convictions and sentence, contending that his guilty

---

[1] In fact, the only way Plowright's sentence could have been reduced below the statutory minimum would have been for the government to file a substantial assistance motion under either U.S.S.G. § 5K1.1 (before sentencing) or Fed. R. Crim. P. 35 (after sentencing). The government did not do so, nor did it ever promise that it would.

plea was not knowing and voluntary because he was misled into believing he would be eligible for a sentence reduction if he accepted responsibility. Because any such error did not affect Plowright's substantial rights, we affirm.

Due process requires that a guilty plea be made "knowingly and voluntarily." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). And Fed. R. Crim. P. 11(b)(1) requires the court to make sure that the defendant understands the consequences of his plea, including "any mandatory minimum penalty" he will face. Plowright faced a mandatory minimum prison term of 7 years on the first § 924(c) count for brandishing a firearm, and a consecutive mandatory minimum term of 25 years on the second count, for a total of 32 years. See 18 U.S.C. § 924(c)(1)(A)(ii) & (c)(1)(C)(i). He was informed of this fact at least five times: when the government filed its certification of penalty along with the indictment; in the plea agreement; at the plea colloquy; in the presentence report; and again at sentencing. Despite these clear warnings, it is conceivable that the government's promise to "not object" to a sentence reduction, coupled with the district court's remark at the Rule 11 hearing that Plowright would "lose [his] acceptance of responsibility credit" if he were not completely truthful with his probation officer, may have led Plowright to believe there was a possibility of a reduced sentence. If so, however, that misconception was cleared up by the

3

presentence report, which specifically said that an adjustment for acceptance of responsibility "cannot be applied." Plowright, who was represented by counsel throughout the process, did not object at that point and did not seek to withdraw his plea. Nor did he object or make any motion when the district court at sentencing failed to afford him an acceptance of responsibility reduction.

Where a defendant failed to object in the district court to an alleged violation of Rule 11's plea requirements, we review only for plain error. United States v. Brown, 586 F.3d 1342, 1345 (11th Cir. 2009). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." Moriarty, 429 F.3d at 1019. To show his substantial rights were affected, Plowright must demonstrate a reasonable probability that, but for the alleged error, he would not have pleaded guilty. See Brown, 586 F.3d at 1345. In Brown, we concluded that the defendant failed to show his substantial rights were affected by wrong information he had received during his plea hearing, because he had not objected after his presentence report corrected that misinformation. Id. at 1346. In other words, the defendant's silence after he learned the truth indicated that the earlier error did not affect his decision to plead guilty.

Even if his lack of objection to the presentence report were not dispositive,

Plowright has otherwise failed to establish a reasonable probability that he would not have pleaded guilty had he been properly informed. See Brown, 586 F.3d at 1345. In reviewing whether a Rule 11 error affected a defendant's substantial rights, we "consider the whole record." See id. Nothing in that record suggests Plowright would have turned down the plea deal if he had known he could not get a two- or three-point reduction for acceptance of responsibility. The evidence against him—which would have included testimony from at least two co-defendants that Plowright had participated in the robberies and had admitted shooting the store clerk; surveillance video of Plowright selling the same gun used in the shooting to an undercover officer several weeks later; and traffic video of Plowright leading police on a high-speed chase through a residential neighborhood and a school parking lot—was such that he would have been ill-advised to take his chances with a jury. Plowright's sentence, severe as it was, could have been worse.[2] Even if Plowright was misinformed, because his substantial rights were

---

[2] Even without a § 3E1.1 reduction, Plowright did benefit from the plea deal in two important ways. First, in return for his guilty plea to the two § 924(c) counts, the government dropped eight other counts. If convicted and sentenced within applicable guidelines on those counts, Plowright would have received an additional consecutive sentence of 121 to 151 months. See 18 U.S.C. § 924(c)(1)(D)(ii) (sentences under § 924(c) cannot run concurrently with any other sentence). Second, it should be kept in mind that Plowright faced a statutory maximum sentence of life in prison on each § 924(c) count. The district court could have varied upward and imposed a more severe sentence than it did; had Plowright not accepted responsibility and expressed remorse for his crime, the court might well have done so. Cf. Brown, 586 F.3d at 1347 (district court gave defendant "the benefit of his bargain" by imposing only the minimum sentence) (quotation marks and alteration omitted).

not harmed there was no plain error.  See <u>Brown</u>, 586 F.3d at 1346.

**AFFIRMED.**